UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

LUCRETIA MCBRIDE                *         CIVIL ACTION

VERSUS                          *         NO: 04-0713

MURSIMCO, INC., ET AL           *         SECTION: "D"(1)


                         **ORDER AND REASONS**

   Before the court are the following motions:

   (1) **"Motion to Dismiss Pursuant to FRCP 41(b)"** filed by Defendant, Terrebonne Parish Consolidated Government (TPCG); and

   (2) **"Motion to Join Terrebonne Parish Consolidated Government's Motion to Dismiss Pursuant to FRCP 41(b)"** filed by Defendants, Mursimco, Inc., Chauvin Funeral Home, Inc., and Mark Ordoyne (collectively, the Chauvin Defendants).

   ***No memorandum in opposition was filed.***  The motions, set for hearing on Wednesday, October 11, 2006, are before the court on briefs, without oral argument.  Now, having considered the

memoranda of counsel, the record, and the applicable law, the court rules as follows.

On March 11, 2004, Plaintiff Lucretia McBride filed this lawsuit alleging a whistle blower claim and various other claims, including employment discrimination, sexual harassment, retaliatory discharge, intentional infliction of emotional distress. The court subsequently granted TPCG's "Motion to Stay Litigation Pending Arbitration" and the court ordered Plaintiff to submit all of her claims asserted against TPCG to binding arbitration pursuant to the arbitration provision set forth in the employment agreement between Plaintiff and TPCG. (*See* Minute Entry, Doc. No. 19, entered on June 29, 2004).

The court also granted the Chauvin Defendants' "Rule 12(b)(6) Motion to Dismiss," dismissing all of Plaintiff's claims (except for Plaintiff's state tort claims) against these Defendants for failure to state a claim upon which relief can be granted. (*Id.*). As to Plaintiff's state tort claims asserted against the Chauvin Defendants, the court declined to exercise supplemental jurisdiction and dismissed these claims without prejudice to be re-asserted in state court. (*Id.*).

On August 30, 2006, the court granted TPCG's "Motion to Lift Stay Pending Litigation," in which TPCG represented that Plaintiff failed to submit her claims against TPCG to arbitration. (*See*

Order & Reasons, Doc. No. 31).[1]

TPCG now moves the court to dismiss Plaintiff's claims against TPCG, with prejudice, for failure to prosecute pursuant to Federal Rule of Civil Procedure 41()(b) which provides:

> **(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided fro in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed.R.Civ.Proc. 41(b).

Based on the record in this matter, the court finds that Defendant TPCG is entitled to a Rule 41(b) dismissal with prejudice.  Plaintiff filed this suit on March 11, 2004; subsequently Plaintiff was ordered to arbitrate her claims against TPCG, but more than two years later, Plaintiff has done nothing to prosecute her claims.  Accordingly;

**IT IS ORDERED** that **"Motion to Dismiss Pursuant to FRCP 41(b)"** filed by Defendant, Terrebonne Parish Consolidated Government, be

---

[1] TPCG's Motion to Lift Stay was unopposed.  Plaintiff, who has been unrepresented by counsel since on or about July 19, 2005, telephoned the court on September 5, 2006, and the court advised Plaintiff to put in writing anything she wanted to express.  However, to date, the court has not received anything in writing from Plaintiff.

and is hereby **GRANTED**, dismissing Plaintiff's claims against TPCG with prejudice.

**IT IS FURTHER ORDERED** that the **"Motion to Join Terrebonne Parish Consolidated Government's Motion to Dismiss Pursuant to FRCP 41(b)"** filed by Defendants, Mursimco, Inc., Chauvin Funeral Home, Inc., and Mark Ordoyne, be and is hereby **DENIED AS MOOT**, because the court had already dismissed all of Plaintiffs' claims (except Plaintiff's state tort claims) against these Defendants for failure to state a claim upon which relief can be granted. As to Plaintiff's state tort claims against these Defendants, the court dismissed these claims without prejudice to be re-asserted in state court.

New Orleans, Louisiana, this **11th** day of **October, 2006.**

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE